UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. CR-07-170-FVS |
| Plaintiff, ) | |
| ) | ORDER GRANTING DEFENDANT'S |
| v. ) | UNOPPOSED MOTION TO |
| ) | RECONSIDER DETENTION AND |
| JAMES DALE MIDWELL, ) | ORDER SETTING CONDITIONS OF |
| ) | RELEASE |
| Defendant. ) | |

At the February 12, 2008, hearing on Defendant's Motion to Reconsider Order of Detention, Assistant Federal Defender Christina Hunt appeared with Defendant; Assistant U.S. Attorney Stephanie Lister represented the United States. The United States did not oppose Defendant's release into inpatient treatment. Accordingly,

**IT IS SO ORDERED** the Defendant's unopposed Motion **(Ct. Rec. 27)** is **GRANTED.** Defendant shall be released on the following conditions:

1. **Prior to release,** an agreed Motion and proposed order shall be presented setting forth the inpatient treatment facility and the date of Defendant's entry date.

2. Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise his supervising Pretrial Services Officer and his attorney within one business day of any charge, arrest, or contact with law enforcement.

3. Defendant shall advise the court and the United States

ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO
RECONSIDER DETENTION AND ORDER SETTING CONDITIONS OF RELEASE - 1

Attorney in writing before any change in address.

4. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

5. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

6. Defendant shall remain in the Eastern District of Washington while the case is pending. On a showing of necessity, Defendant may obtain prior written permission to leave this area from the United States Probation Office.

7. Defendant shall not possess a firearm, destructive device or other dangerous weapon.

8. Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

9. Defendant shall refrain from the use of alcohol, and the use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

10. Defendant must complete inpatient treatment at the designated facility and shall comply with all of the rules of the treatment program. If Defendant fails in any way to comply or cooperate with the requirements and rules of the treatment program, Pretrial Services shall notify the court and the U.S. Marshal, who will be directed to immediately arrest the Defendant. The United States Probation Office shall determine the time and place of

testing and evaluation and the scope of treatment. Defendant shall be responsible for the cost of the treatment, unless he secures funding. Full mutual releases shall be executed to permit communication between the court, Pretrial Services, and the treatment vendor. If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, but shall not exceed six (6) times per month.

11. Defendant shall report to the United States Probation Office before or immediately after his release and shall report as often as they direct, at such times and in such manner as they direct. Defendant shall contact his attorney at least once a week.

12. **Unless an outpatient or aftercare plan is presented to the court, in a timely manner, prior to completion of inpatient treatment, Defendant shall return to the custody of the U.S. Marshal upon completion of the inpatient treatment.**

**Defendant is advised a violation of any of the foregoing conditions of release may result in the immediate issuance of an arrest warrant, revocation of release and prosecution for contempt of court, which could result in imprisonment, a fine, or both. Specifically, Defendant is advised a separate offense is established by the knowing failure to appear and an additional sentence may be imposed for the commission of a crime while on this release. In this regard, any sentence imposed for these violations is consecutive to any other sentence imposed.**

DATED February 13, 2008.

                      S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE